# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1646 | **DATE** | 8/21/2001 |
| **CASE TITLE** | KNOLL PHARMACEUTICALS vs. THE TEVA PHARMACEUTICALS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held. Enter Memorandum And Order. Plaintiffs motion to dismiss defendant TEVA's counterclaims I, II, and III is granted as to counterclaim I and denied as to counterclaims II and III. Defendant TEVA's counterclaim I is dismissed without prejudice to refile within 28 days hereof.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 24 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 2d |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

CO-7 FILED FOR DOCKETING
01 AUG 23 AM 8:53

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KNOLL PHARMACEUTICALS COMPANY, INC., <br><br> and <br><br> THE JOHN AND LOIS ARNOLD LIMITED LIABILITY PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | Case No. 01 C 1646 <br> Hon. John W. Darrah |

DOCKETED
AUG 2 4 2001

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Dismiss Defendant TEVA's Counterclaims I, II, and III. For the reasons set forth below, Plaintiffs' Motion is GRANTED as to Counterclaim I and DENIED as to Counterclaims II and III.

## BACKGROUND

Plaintiffs, Knoll Pharmaceuticals ("Knoll") and the John and Lois Arnold Family Limited Liability Partnership ("Arnold"), filed a one-count Complaint for patent infringement against Defendant TEVA Pharmaceuticals on March 8, 2001. Specifically, the Complaint alleges that Defendant has infringed on United States Patent No. 4,587,252 (the "252 Patent"), which is held by Plaintiff Arnold and licensed to Plaintiff Knoll. (Compl. ¶ 10, 11).

-1-

Plaintiff Knoll currently holds a New Drug Application ("NDA") for the product "VICOPROFEN" (hydrocodone bitartrate/ibuprofen), which Plaintiffs allege is covered by the "252 Patent." (Compl. ¶ 12). Plaintiffs further allege that Defendant submitted an Abbreviated New Drug Application (the "ANDA") to the U.S. Food & Drug Administration ("FDA") on November 10, 2000 for a generic equivalent to "VICOPROFEN." (Compl. ¶ 13). Plaintiffs allege that this ANDA infringes on the 252 Patent because it seeks "FDA approval to engage, prior to the expiration of the 252 Patent, in the commercial manufacture, sale, offer for sale, and/or use of the invention as claimed in the 252 Patent." (Compl. ¶ 15).

TEVA filed its "Answer, Affirmative Defenses, and Counterclaims" to Plaintiffs' Complaint on March 29, 2001. TEVA filed its "Amended Answer, Affirmative Defenses, and Counterclaims" on April 27, 2001. In its Amended Answer, TEVA made three counterclaims: (I) "Unfair Competition," (II) "Unlawful Monopolization," and (III) "Attempt to Monopolize." (A.Answer, 13-17). Plaintiffs have moved to dismiss Counterclaims I through III.

Defendant's first counterclaim, "Unfair Competition," seeks an injunction and damages resulting from the present litigation. This counterclaim alleges that Plaintiffs' lawsuit constitutes "sham litigation" filed with the sole intention of preventing Defendant from entering the hydrocodone bitartrate/ibuprofen market. (A.Answer, 15,16).

Defendant's second counterclaim, "Unlawful Monopolization," seeks an injunction and damages resulting from the present litigation. This counterclaim alleges that Plaintiffs' lawsuit violates Section 2 of the Sherman Act since it constitutes "objectively baseless litigation" intended to "willfully pursue and maintain [Knoll's] monopoly" in the relevant market for the sale of hydrocodone bitartrate/ibuprofen. (A.Answer, 17).

Defendant's third counterclaim, "Attempt to Monopolize," seeks an injunction and damages resulting from the present litigation. This counterclaim alleges that Plaintiffs' lawsuit violates Section 2 of the Sherman Act since it constitutes "objectively baseless litigation" intended to monopolize the relevant market. This counterclaim further alleges that Plaintiffs have "engaged in such exclusionary and predatory conduct [the present litigation] with a specific intent to monopolize the relevant market(s), and with a dangerous probability of success in monopolizing such market(s)." It further alleges that this "unlawful attempted monopolization has worked, and threatens to continue to work, a substantial adverse impact on competition in the aforesaid relevant market(s)." (A.Answer, 18).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the claim, not to decide the merits of the case. In ruling on a motion to dismiss, a court must construe the claim's allegations in the light most favorable to the claimant, and it must take all well-pleaded facts and allegations as true. *Bontkowski v. First Natl. Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied,* 510 U.S. 1012, 114 S.Ct. 602 (1993). Allegations should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Nonetheless, in order to withstand a motion to dismiss, a claim must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992).

## DISCUSSION

Plaintiffs Knoll and Arnold have moved to dismiss Defendant TEVA's counterclaims,

arguing that: (1) it has failed to allege sufficient facts to support its unfair competition counterclaim; (2) it has failed to allege sufficient facts to support its antitrust counterclaims; and (3) the antitrust counterclaims are barred by the *Noerr-Pennington* doctrine.

### *Unfair Competition Counterclaim*

Defendant TEVA's first counterclaim alleges "unfair competition" based on Plaintiffs' prosecution of this lawsuit. It is unclear whether TEVA brings this counterclaim under state or federal law. TEVA has not cited any federal statute which would give rise to such a cause of action. Likewise, TEVA has failed to cite an Illinois case "in which an unfair competition claim was successfully asserted on the basis that the defendant had improperly used litigation as a means of competition." *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F.Supp. 256, 261 (N.D.Ill 1993). "In fact, courts applying Illinois law have concluded that the only causes of action that can arise from the wrongful filing of a lawsuit ... are malicious prosecution and abuse of process." *Id.* It is clear that Defendant's "Unfair Competition" counterclaim fails under FED.R.CIV.P. 12(b)(6).

In its response to Plaintiffs' Motion to Dismiss, TEVA attempts to convert its first counterclaim into one for abuse of process. However, even if this counterclaim is construed as one for abuse of process, it fails under FED.R.CIV.P. 12(b)(6). "To state a claim for abuse of process, a [claimant] must allege an ulterior purpose and an act in the use of legal process not proper in the regular prosecution of the proceedings." *Harris Custom Builders*, 834 F.Supp. at 261 (*citing Erlich v. Lopin-Erlich*, 195 Ill.App.3d 537, 538, 553 N.E.2d 21, 22 (Ill. App. Ct. 1990)). TEVA's counterclaim does not state a claim for abuse of process because it fails to allege that Plaintiffs committed an act in "the use of legal process not proper in the regular prosecution of the proceedings." Plaintiffs' simple act of filing this lawsuit cannot be considered improper in "the

regular prosecution of the proceedings." Plaintiffs' Motion to Dismiss is granted as to Defendant's Counterclaim I.

## *Antitrust Counterclaims*

To withstand Plaintiffs' Motion to Dismiss, Defendant's Counterclaims II and III must include allegations regarding all the material elements of the alleged antitrust violations. The Seventh Circuit discussed the application of FED.R.CIV.P. 12(b)(6) to antitrust claims in *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1105-6 (7th Cir. 1984). It stated:

> In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." (Citation omitted).
>
> \*\*\*
>
> The pleader may not evade these requirements by merely alleging a bare legal conclusion; if the facts "do not at least outline or adumbrate" a violation of the Sherman Act, the plaintiffs "will get nowhere merely by dressing them up in the language of antitrust." (Citation omitted).

To state a counterclaim for monopolization under § 2 of the Sherman Act (Counterclaim II), Defendant will have to allege that: (1) Plaintiffs possessed monopoly power in the relevant market and (2) "the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Endsley v. City of Chicago*, 230 F.3d 276, 281 (7th Cir. 2000)(citing *Eastman Kodak Co. v. Image Technical Servs.*, 504 U.S. 451, 481 (1992)).

To state a counterclaim for attempted monopolization under § 2 of the Sherman Act (Counterclaim III), Defendant will have to allege that: (1) Plaintiff intended to monopolize the relevant market, (2) Plaintiff engaged in "anticompetitive or predatory conduct designed to further that intent," and (3) a "dangerous probability of success." *Abcor Corp. v. AM Intl., Inc.*, 916 F.2d

924, 926 (4th Cir. 1990).

Plaintiffs argue that Defendant has failed to state claims for monopolization or attempted monopolization because it has failed to allege "market power" in a "relevant market." "[T]o survive a motion to dismiss, [Defendant] still must set forth facts sufficient to create an inference that [Plaintiffs] had enough market power to create a monopoly." *Endsley*, 230 F.3d at 282. Defendant TEVA responds by noting that the counterclaims allege that Plaintiffs' rights under the 252 Patent and status as the sole provider of hydrocodone bitartrate/ibuprofen constitute allegations of market power in a relevant market under FED.R.CIV.P. 12(b)(6).

Therefore, Defendant's antitrust counterclaims (II and III) contain facts sufficient to allow an inference of market power in a relevant market. Although a "patent alone does not demonstrate market power," *In Re Independent Service Organizations Antitrust Litigation CSU, L.L.C.*, 203 F.3d 1322, 1325 (Fed. Cir. 2000), in some cases "one brand of a product can constitute a separate market." *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 480 (1992). TEVA's counterclaims define the relevant market as the "U.S. market for the sale of hydrocodone bitartrate/ibuprofen." (A.Answer 14). TEVA's counterclaims further allege that Plaintiff Knoll is the sole supplier of hydrocodone bitartrate/ibuprofen to consumers in the United States. (A.Answer 14).

These allegations are sufficient at the pleading stage. "Our notice pleading system requires only that such allegations give notice of what markets are being brought into issue. Whether or not the alleged market is in fact the relevant one ... is a matter for proof and not pleading." *AG Fur Industrielle Elektronik AGIE v. Sodick Co. LTD.*, 748 F.Supp. 1305, 1316 (N.D.Ill 1990). "There may be effective substitutes for the [product] which do not infringe the patent. This is a matter of

*proof...*" *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174 (1965).

Plaintiffs' Motion to Dismiss is denied as to Counterclaims II and III.

### *Noerr-Pennington Doctrine*

Plaintiffs argue that Defendant's Counterclaims II and III based on the filing of this suit should be dismissed because they are barred by the *Noerr-Pennington* doctrine. The *Noerr-Pennington* doctrine protects plaintiffs from antitrust liability for anticompetitive harm resulting from litigation. *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 499 (1988).

However, there is an exception to the *Noerr-Pennington* doctrine for "sham litigation," i.e. litigation which is ostensibly aimed at seeking legal redress but is actually "a mere sham to cover ... an attempt to interfere directly with the business relationships of a competitor." *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 54, 113 S.Ct. 1920, 1925 (1993). In order for these antitrust counterclaims to survive Plaintiffs' Motion to Dismiss based on the *Noerr-Pennington* doctrine, TEVA must allege that: (1) Plaintiffs' lawsuit is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits," and (2) the present litigation is subjectively motivated by an "attempt to interfere directly with the business relationships of a competitor." *Id.*

Defendant has adequately plead its antitrust counterclaims under the *Noerr-Pennington* doctrine. First, Defendant has alleged that the present lawsuit is "objectively baseless." TEVA has alleged that previous to the filing of this lawsuit, it sent Plaintiffs a letter stating that all six of the claims of the 252 Patent were invalid and unenforceable. (A.Answer 11). TEVA further alleges that Plaintiffs "had no reasonable justification" for their belief that the 252 Patent would be enforced.

*Id.* Second, Defendant has alleged that the present lawsuit was filed with the sole intention of prolonging its monopoly over the market for hydrocodone bitartrate/ibuprofen during the time this lawsuit is pending. Since Defendant's second and third counterclaims contain allegations fulfilling the elements of the "sham exception" to the *Noerr Pennington* doctrine, Plaintiffs' Motion to Dismiss Counterclaims II and III is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiffs Knoll and Arnold's Motion to Dismiss Defendant TEVA's counterclaims is GRANTED as to Counterclaim I and DENIED as to Counterclaims II and III. Defendant TEVA's Counterclaim I is dismissed without prejudice to refile within 28 days hereof.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: August 31, 2001