IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KNOLL PHARMACEUTICALS COMPANY, )
INC. and THE JOHN AND LOIS ARNOLD )
FAMILY LIMITED LIABILITY PARTNERSHIP, )
)
    Plaintiffs, )
)
                                      ) Case No. 01C-1646
v. )
) Judge John W. Darrah
TEVA PHARMACEUTICALS USA, INC., )
)
    Defendant. )

### NOTICE OF FILING

**TO:**   ALLAN T. SLAGEL                 THOMAS L. CREEL
       SHEFSKY & FROELICH LTD.       CARL M. DEFRANCO JR.
       444 N. MICHIGAN AVENUE         GOODWIN PROCTER LLP
       CHICAGO, IL 60611                   EXCHANGE PLACE
                                                        BOSTON, MASSACHUSETTS 02109

PLEASE TAKE NOTICE that on Wednesday, September 4, 2002, the undersigned caused the following to be filed in the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois. A copy of which is attached hereto and hereby served upon you:

1. Plaintiffs' Motion in Limine to Exclude Any Evidence Relating to the European Patent Office Decision;

2. Plaintiffs' Motion in Limine to Exclude Any Evidence Relating to the Wyeth Patent;

3. Plaintiffs' Motion in Limine to Exclude Any Evidence Relating to Any § 112 Defenses;

4. Plaintiffs' Motion in Limine to Preclude Teva From Presenting Any Evidence of Inequitable Conduct;

5. Plaintiffs' Motion in Limine to Preclude Teva From Introducing Any Evidence Relating to The Defense of Patent Misuse;

6. Plaintiffs' Motion in Limine to Preclude Teva From Calling Thomas Cavaliere and William Skelly as Witnesses;

7. Plaintiffs' Motion in Limine to Preclude Teva's Experts from Testifying Outside the Scope of Their Expert Reports;

8. Plaintiffs' Motion to Strike Untimely Supplemental Expert Reports;

9. Motion in Limine to Exclude Testimony Regarding Legal Standards and Legal Conclusions; and

10. Final Pretrial Order.

DATED: September 4, 2002

Respectfully submitted,

By: _____
James R. Ferguson
Attorney for the Plaintiff

James R. Ferguson
MAYER, BROWN, ROWE & MAW
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Jim R. Ferguson, an attorney for Plaintiff, do hereby certify that I caused the attached to be filed under seal and to be served upon:

1. Plaintiffs' Motion in Limine to Exclude Any Evidence Relating to the European Patent Office Decision;

2. Plaintiffs' Motion in Limine to Exclude Any Evidence Relating to the Wyeth Patent;

3. Plaintiffs' Motion in Limine to Exclude Any Evidence Relating to Any § 112 Defenses;

4. Plaintiffs' Motion in Limine to Preclude Teva From Presenting Any Evidence of Inequitable Conduct;

5. Plaintiffs' Motion in Limine to Preclude Teva From Introducing Any Evidence Relating to The Defense of Patent Misuse;

6. Plaintiffs' Motion in Limine to Preclude Teva From Calling Thomas Cavaliere and William Skelly as Witnesses;

7. Plaintiffs' Motion in Limine to Preclude Teva's Experts from Testifying Outside the Scope of Their Expert Reports;

8. Plaintiffs' Motion to Strike Untimely Supplemental Expert Reports;

9. Motion in Limine to Exclude Testimony Regarding Legal Standards and Legal Conclusions; and

10. Final Pretrial Order.

TO: ALLAN T. SLAGEL  
SHEFSKY & FROELICH LTD.  
444 N. MICHIGAN AVENUE  
CHICAGO, IL 60611

THOMAS L. CREEL  
CARL M. DEFRANCO JR.  
GOODWIN PROCTER LLP  
EXCHANGE PLACE  
BOSTON, MASSACHUSETTS, 02109

via messenger or overnight courier on this 4th day of September, 2002.

*/s/ James R. Ferguson*

James R. Ferguson
MAYER, BROWN, ROWE & MAW
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KNOLL PHARMACEUTICALS )
COMPANY, INC. and THE JOHN AND )
LOIS ARNOLD FAMILY LIMITED )
LIABILITY PARTNERSHIP, )
)
Plaintiffs, )
)
v. ) Case No: 01 C 1646
)
TEVA PHARMACEUTICALS USA, INC., ) John W. Darrah
)
Defendant. )

### PLAINTIFFS' MOTION IN LIMINE TO STRIKE
### UNTIMELY SUPPLEMENTAL EXPERT REPORTS

Knoll Pharmaceuticals Company, Inc. and The John and Lois Arnold Family Limited Liability Partnership ("Plaintiffs"), by their attorneys, now move in limine to strike two untimely "supplemental" expert reports filed by the defendant.

1. In compliance with this Court's pre-trial order, the parties completed fact discovery on June 3, 2002, and completed the exchange of expert reports on June 14, 2002.

2. On August 12, 2002 -- more than two months after the close of discovery and the exchange of final expert reports -- Teva served Plaintiffs with the "Supplemental Expert Report" of William K. Schmidt. In that report, Dr. Schmidt purported to opine on the significance of the Wyeth Patent, which Teva had disclosed after the close of fact discovery, even though Teva had discovered the patent more than a year earlier.

3. On August 15, 2002, Teva then served plaintiffs with the "Supplemental Expert Report" of John T. Goolkasian. In that report, Mr. Goolkasian purported to opine not only on the Wyeth Patent but also on (1) the patent examiner's knowledge of the Upjohn Application; (2) the

prosecution history of Dr. Schmidt's oxycodone-ibuprofen patent; (3) the plaintiffs' reliance on synergy data; and (4) the use of so-called "prophetic" examples in the patent-in-suit.

4. Although the facts underlying all of these topics were well known to Teva long before the discovery cut-off date, Teva did not produce the expert reports until long after discovery had closed and rebuttal expert reports had been exchanged.

5. Fed. R. Civ. P. 37(c)(1) expressly provides that a party who fails to disclose required discovery information shall not be allowed to use the information at trial in the absence of harmless error or a "substantial justification." Fed. R. Civ. P 37(c)(1).

6. In applying Rule 37, the courts have recognized that the "failure to disclose in a timely manner is equivalent to failure to disclose." Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). Accordingly, a party must produce the required evidence "within the deadline set by the Court" or suffer exclusion under Rule 37. Id.

7. Because Teva was aware of the underlying facts long before the close of discovery, it has no justification for the untimely filing of the supplemental reports. Furthermore, the reports plainly prejudiced the Plaintiffs, since they have been denied an opportunity to have their own experts respond to the new allegations made in the supplemental reports.

8. The courts have repeatedly held that an untimely supplement to an expert report should be stricken where the delay is unjustified and the opposing party suffers prejudice. See e.g. Transclean Corp. v. Bridgewood Services Inc., 77 F. Supp. 2d 1045, 1065 (D. Minn. 1999) *reversed in part on other grounds,* 290 F.3d 1364 (Fed.Cir. 2002).

WHEREFORE Plaintiffs respectfully request that this Court enter an order striking Teva's untimely supplemental expert reports.

Dated: September 4, 2002

Respectfully submitted,

KNOLL PHARMACEUTICALS COMPANY, INC. and THE JOHN AND LOIS ARNOLD FAMILY LIMITED LIABILITY PARTNERSHIP

By: /s/ James R. Ferguson
One of Their Attorneys

James R. Ferguson
Vincent J. Connelly
MAYER, BROWN, ROWE & MAW
190 South LaSalle Street
Chicago, IL 60603-3441
Telephone: (312) 782-0600
Facsimile: (312) 701-7711