Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1646 | **DATE** | 12/9/2002 |
| **CASE TITLE** | Knoll Pharmaceutical vs. Teva Pharmaceuticals USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiffs' motion to reconsider summary judgment ruling is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 11 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 218 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SLB | courtroom deputy's initials | 02 DEC 11 AM 8:03 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KNOLL PHARMACEUTICAL COMPANY, INC.; and JOHN AND LOIS ARNOLD FAMILY LIMITED LIABILITY PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Case No. 01 C 1646<br><br>The Honorable John W. Darrah |

**DOCKETED DEC 1 1 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Knoll Pharmaceutical Company, Inc. and the John and Lois Arnold Family Limited Liability Partnership (collectively "Plaintiffs"), filed a Motion to Reconsider this Court's Order of September 12, 2002, granting Defendant's, Teva Pharmaceuticals USA, Inc.'s ("Teva"), Motion for Summary Judgment of Patent Invalidity. For the reasons that follow, Plaintiffs' Motion to Reconsider is denied.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting



*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

## BACKGROUND

Teva filed a Motion for Summary Judgment of Patent Invalidity, arguing that United States Patent No. 4,587,252 ("the '252 patent") was anticipated by a European patent application by the Upjohn Company filed on June 25, 1982 ("the Upjohn Application"), and obvious in light of published literature and a narcotic-non-steroidal anti-inflammatory drug ("NSAID") combination analgesic currently on the market. Plaintiffs opposed Teva's motion, arguing that the '252 patent was not anticipated by the Upjohn Application[1] and that the '252 patent was not obvious because (1) the prior art taught away from combining ibuprofen with an opioid, (2) a person of ordinary skill in the art in 1984 could not have predicted which opioid-NSAID combination would have an additive effect, and (3) secondary considerations rebutted any showing of obviousness.

Supplemental briefs were also filed in opposition to and in support of Teva's Motion for Summary Judgment. In their supplemental brief, Plaintiffs argued that the '252 patent was not

---

[1]Plaintiffs do not seek reconsideration of the Court's ruling concerning whether the '252 patent was anticipated.

anticipated and that it was not obvious because (1) others failed to produce the claimed invention; (2) three studies demonstrated the synergy of the claimed invention; (3) a declaration from Dr. Beaver refuted Teva's claims about his work; (4) NSAIDs are not interchangeable; and (5) *Richardson-Vicks, Inc. v. Upjohn Co.*, 122 F.3d 1476 (Fed. Cir. 1997), did not support Teva's claims.

In a Memorandum Opinion and Order dated September 12, 2002 ("the Opinion"), this Court granted Teva's Motion for Summary Judgment of Patent Invalidity on the issue of obviousness. Specifically, the Court found that:

> the prior art expressly teaches the combination of a narcotic analgesic with an NSAID, the invention claimed in the '252 patent. As was noted [earlier in that Memorandum Opinion and Order], Vicodin is a combination of hydrocodone and acetaminophen. The 1981 Beaver article documented that a greater analgesic effect could be achieved through the combination of a narcotic analgesic and a peripherally acting non-narcotic analgesic, such as aspirin or acetaminophen. The 1984 article by Beaver suggested the substitution of ibuprofen for the acetaminophen in Vicodin because they share the same mechanism of action. The Beaver article also stated that ibuprofen could be "used to advantage in combination with oral opioids." The Beaver article did not disclose which opioid should be combined with which NSAID or the specific ratios and dosage amounts. The Cooper article disclosed a combination of codeine and ibuprofen. The Ferrer-Brechner article disclosed a combination of methadone and ibuprofen. Here, success was dependent not upon random variation of numerous parameters but rather on combining an opioid with an NSAID to produce a pain reliever with a greater analgesic effect. The prior art expressly teaches one of ordinary skill in the art to combine an opioid with an NSAID. Furthermore, based on the prior art, a person of ordinary skill in the art of pain management would have had a reasonable expectation of success in combining hydrocodone, a narcotic analgesic, with ibuprofen, an NSAID. . . . Thus, there is clear and convincing evidence that the combination of hydrocodone and ibuprofen was obvious and, therefore, unpatentable.

*Knoll Pharm. Co., Inc. v. Teva Pharm. USA, Inc.*, No. 01 C 1646, 2002 WL 31050138, at *13 (N.D. Ill. Sept. 12, 2002) (internal citations omitted).

The Court further held that secondary considerations did not rebut Teva's *prima facie* case

-3-

of obviousness because (1) others had not tried and failed to create an opioid-NSAID analgesic combination; (2) the unexpected results or benefits of the claimed invention were discovered long after the '252 patent had issued; (3) the prior art did not teach away from combining hydrocodone and ibuprofen; and (4) "the sales of Plaintiffs' hydrocodone-ibuprofen product are of insufficient weight to overcome this Court's determination of obviousness based on consideration of the prior art, the lack of differences between the claimed invention and the prior art, and the level of ordinary skill in the art." *Knoll Pharm. Co., Inc.*, 2002 WL 31050138, at * 14 (citation omitted).

Plaintiffs then filed this Motion to Reconsider.

## DISCUSSION

Plaintiffs seek reconsideration of the Court's September 12, 2002 ruling on the following grounds: (1) the Opinion fails to address any of the evidence raised by Plaintiffs in a supplemental memorandum filed after the close of discovery, (2) the Opinion based its entire obviousness analysis on a definition of the claimed invention that overlooked the Court's own construction of the patent's terms and the Plaintiffs' experts' affidavits, and (3) the Opinion erred by giving no weight to Plaintiffs' evidence of "unexpected benefits".

All of these arguments were made previously to the Court in Plaintiffs' summary judgment briefs. Plaintiffs argue that these arguments were "overlooked" because they were not specifically addressed in the Opinion. "A district court is not required to specifically address [in its opinion] each and every [fact] asserted . . . ." *Shannon v. Saks & Co.*, No. 94 C 1793, 1995 U.S. Dist. Lexis 9324, at *6 (N.D. Ill. July 3, 1995). Although the Court did not explicitly reject or address each of Plaintiffs' arguments, the Court considered all of the arguments presented in the initial and supplemental briefs. The Court determined the evidence cited by Plaintiffs did not create genuine

issues of material fact as to whether the claimed invention was obvious. Plaintiffs' restating arguments previously rejected by the Court is not a proper basis for a motion to reconsider. *See Sikora*, 18 F. Supp. at 844.

Plaintiffs' Motion to Reconsider does not raise any new factual material or controlling case law not known to the Court at the time of its previous disposition.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Reconsider Summary Judgment Ruling is denied.

**IT IS SO ORDERED.**

Date: December 9, 2002

John W. Darrah, Judge
United States District Court