Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1646 | **DATE** | 11/19/2004 |
| **CASE TITLE** | Knoll Pharmaceuticals vs. Teva Pharmaceuticals | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for ruling on Teva's prior motions to compel production of documents is granted in part and denied in part. Plaintiffs' are ordered to produce all the requested documents, except the documents protected under Japanese privilege law. The documents protected under Japanese privilege law must be provided to the Court within two weeks of the date of this opinion for in camera review. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 2 2 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 260 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KNOLL PHARMACEUTICALS COMPANY, INC.; and THE JOHN AND LOIS ARNOLD FAMILY LIMITED LIABILITY PARTNERSHIP, <br><br>Plaintiffs, <br><br>v. <br><br>TEVA PHARMACEUTICALS USA, INC., <br><br>Defendant. | Case No. 01 C 1646 <br><br>Honorable John W. Darrah <br><br>**DOCKETED** <br>NOV 2 2 2004 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Knoll Pharmaceuticals Company, Inc. and The John and Lois Arnold Family Partnership, filed suit against Defendant, Teva Pharmaceuticals USA, Inc., for allegedly infringing United States Patent No. 4,587,252 ("the '252 patent"). Thereafter, Defendant sought production of certain documents from Plaintiffs and a non-party, Dr. John D. Arnold; Plaintiffs and Dr. Arnold claim these documents are privileged. Presently before the Court is Defendant's Motion for Ruling on Teva's Prior Motions to Compel Production of Documents.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Dr. Arnold sought to obtain patent protection for an invention; and another entity, Brighton Pharmaceuticals, was the assignee of this invention; Brighton held these rights at time the patent application was filed. When the patent application was filed, Dr. Arnold also executed a power of attorney appointing an attorney to prosecute this matter. Both Brighton and Kansas City Southern Industries

("KCSI") were clients of this attorney.

Brighton eventually reassigned the rights to the patent back to Dr. Arnold. Dr Arnold then licensed the rights to the patent to Knoll Pharmaceuticals. In Article Six of the licensing agreement between Dr. Arnold and Knoll Pharmaceuticals concerning the '252 patent, "both parties agree[d] to cooperate fully with each other" in any litigation challenging the validity of the patent.

After this litigation commenced, Defendant served Dr. Arnold with a subpoena issued under Federal Rule of Civil Procedure 45 by a district court in another state. In response, Dr. Arnold produced documents and a privilege log detailing documents withheld on attorney-client privilege grounds. Defendant then filed a motion to compel production of the privileged documents in this court, which was mooted by a summary judgment ruling in favor of Defendant. Defendant also sought to compel the documents in the court issuing the subpoena, but that motion was denied without prejudice because discovery was stayed pending an appeal by Plaintiffs of the summary judgment ruling.

The decision granting summary judgment to Defendant was reversed on appeal. Defendant now seeks production of a number of items on Dr. Arnold's privilege logs. Many of the documents describe communications between the attorney and representatives of Brighton and KCSI. Other documents relate to a Japanese patent application.

## ANALYSIS

Dr. Arnold and Plaintiffs argue that the proper method for Defendant to seek production of the documents is to file a motion to compel in the district where the Rule 45 subpoena was issued. Plaintiffs and Dr. Arnold also seek to protect most of the documents under the attorney-

2

client privilege. Finally, Dr. Arnold seeks to protect documents relating to a Japanese patent application under the privilege law of Japan.

With respect to the proper method of seeking production of the documents, Plaintiffs and Dr. Arnold argue this Court lacks jurisdiction under Federal Rule of Civil Procedure 45(c)(2)(B). "If objection is made [to the request in the subpoena], the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued." Plaintiffs and Dr. Arnold also find support under Federal Rule of Civil Procedure 37(a)(1), which provides "[a]n application for an order to a person who is not a party shall be made to the **court in the district where the discovery is being, or is to be, taken**" (emphasis added). Plaintiffs and Dr. Arnold thus argue that the only court that can compel production of these documents is the court that issued the subpoena. *E.g.*, *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998).

Defendant contends that it does not seek the documents under Rule 45 but, rather, seeks production of the documents under Federal Rule of Civil Procedure 34(a). Rule 34(a) permits discovery of documents "which are in the possession, custody, or control of the party upon whom the request is served." Defendant further argues that because Dr. Arnold agreed to cooperate in any litigation concerning the validity of the patent, Plaintiffs have "the legal right to obtain the documents requested upon demand." *Wilson v. Sunstrand*, Nos. 99 C 6944 & 99 C 6946, 2003 WL 21961359 (N.D. Ill. Aug. 18, 2003) (*Wilson*). Therefore, Defendant asserts that Plaintiffs had control of the documents and should have produced the documents pursuant to the Rule 34 request.

The licensing agreement, which requires Dr. Arnold to cooperate fully with Knoll Pharmaceuticals in any litigation concerning the patent's validity, gives Plaintiffs the legal right to obtain the documents. Because the documents have also been requested from a non-party does not permit Plaintiffs to ignore their discovery obligations. *See Wilson*, 2003 WL 21961359, at *9. Accordingly, jurisdiction to compel production is proper in this Court.

The party seeking to assert the attorney-client privilege has the burden to prove: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (*Evans*).

Here, the documents describing communications between the attorney and third-parties KCSI and Brighton are not protected under the privilege merely because they were found in Dr. Arnold's files.

Plaintiffs and Dr. Arnold argue that the privilege has not been waived because the communications shared with KCSI and Brighton are covered under the "joint interest doctrine," which protects the documents from disclosure. "When the same attorney represents the interest of two or more entities on the same matter, those represented are viewed as joint clients for the purposes of the [attorney-client] privilege." *In re the Regents of the Univ. of California*, 101 F.3d 1386, 1389 (Fed. Cir. 1996) (interpreting Seventh Circuit law). Two requirements must be met to satisfy this doctrine: (1) Dr. Arnold must have believed that he was consulting the attorney in a professional capacity with the intent to seek professional legal advice; and (2) the legal

4

interest between Dr. Arnold and the parties represented by the attorney, KCSI and Brighton, must have been substantially identical. *In re the Regents of the Univ. of California*, 101 F.3d at 1390. The party asserting the privilege has the burden of establishing all elements of the privilege. *E.g., United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir. 1994).

Regarding the first element, Plaintiffs and Dr. Arnold submit a power of attorney signed by Dr. Arnold permitting the attorney to prosecute Dr. Arnold's invention. While the power of attorney form does not conclusively demonstrate that the attorney represented Dr. Arnold, *Sun Studs, Inc. v. Applied Theory Assoc., Inc.*, 772 F.2d 1557, 1568 (Fed. Cir. 1985), Plaintiffs and Dr. Arnold also submit an affidavit from the attorney which states that the attorney acted in a professional relationship as an attorney in counseling Dr. Arnold, Brighton, and KCSI concerning legal advice over the patent. These documents, taken together, demonstrate that Dr. Arnold consulted with the attorney in a professional capacity on matters relating to the '252 patent application.

Regarding the second element, Plaintiffs and Dr. Arnold argue that KCSI, Brighton, and Dr. Arnold has the same interest in obtaining a strong and enforceable patent. Specifically, Plaintiffs and Dr. Arnold contend that all parties shared an interest in obtaining patent protection because: (1) Dr. Arnold assigned the patent to Brighton, and (2) Dr. Arnold and KCSI formed Brighton.

Plaintiffs and Dr. Arnold argue that an assignment of rights demonstrates that the inventor and the other party have the same interest in obtaining patent protection and cite *In re Regents of the Univ. of California*, 101 F.3d at 1388-90, in support of this proposition. In *Regents*, however, an exclusive license agreement existed between the inventor and the other

5

party. In contrast, Dr. Arnold had assigned away his rights to the patent to Brighton at the time the application was filed. At that point, Dr. Arnold no longer had any legal interest in obtaining patent protection. Plaintiffs and Dr. Arnold also argue that Dr. Arnold and KCSI formed Brighton; and, therefore, Dr. Arnold had an interest in seeing Brighton obtain patent protection. This theory is premised on statements made by Dr. Arnold's wife in a deposition. However, Plaintiffs and Dr. Arnold have not presented any other evidence to support their assertion that Dr. Arnold retained some legal interest in Brighton. Therefore, Plaintiffs have failed to meet their burden to demonstrate that the interest of Dr. Arnold and the entities represented by the attorney, Brighton and KCSI, were substantially identical.

Based on the above, the joint interest doctrine is inapplicable and the documents are not protected under the attorney-client privilege.

Dr. Arnold also seeks to protect documents relating to a Japanese patent application, specifically, documents 18, 19, and 123 listed on the privilege log. This privilege applies if, under Japanese law, communications with Japanese patent agents that relate to Japanese patent activities are protected. *McCook Metals, LLC v. Alcoa, Inc.*, 192 F.R.D. 242, 256 (N.D. Ill. 2000). Under Japanese law, documents reflecting communications between patent agents and clients are exempt from production. *VLT Corp. v. Unitrode Corp.*, 194 F.R.D. 8, 17 (E.D. Ma. 2000) (*VLT Corp*). Defendant argues this case reflects the minority position but relies on cases which were decided before a change in Japanese law. *See VLT Corp.*, 194 F.R.D. at 17.

The communications, though, were made before the change in Japanese law. However, in *VLT Corp*, the court also protected communications under the Japanese privilege law that were made before the change in the privilege law and are, therefore, privileged. *See VLT Corp.*, 194 F.R.D. at 9, 17.

Dr. Arnold, the holder of these documents regarding the Japanese patent application, does not object to *in camera* inspection of these documents to determine whether the privilege is applicable. Accordingly, Dr. Arnold is required to provide these documents to the Court within two weeks of the date of this opinion for *in camera* review to determine if the other requirements necessary to establish the attorney-client privilege are satisfied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Ruling on Teva's Prior Motions to Compel Production of Documents is granted in part and denied in part. Plaintiffs are ordered to produce all the requested documents, except the documents protected under Japanese privilege law. The documents protected under Japanese privilege law must be provided to the Court within two weeks of the date of this opinion for *in camera* review.

Date: November 19, 2004

John W. Darrah, Judge
United States District Court